# GAINEY McKENNA & EGLESTON
_____

ATTORNEYS AT LAW

501 FIFTH AVENUE
19th FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 983-1300
FAX: (212) 983-0383

www.gme-law.com

95 ROUTE 17 SOUTH
SUITE 310
PARAMUS, NEW JERSEY 07652
TEL: (201) 225-9001
FAX: (201) 225-9002

Please Reply To The New York Address

April 2, 2020

**VIA ECF**
The Honorable Victor Marrero
United States Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007

    Re:    *Tomczak v. Ladd et al.*,
             Civil Action No.: 1:19-cv-08046-VM

Dear Judge Marrero:

      This firm represents Tyler Tomczak, plaintiff in the above-captioned shareholder derivative action brought on behalf of MGT Capital Investments, Inc. I write in response to Your Honor's March 3, 2020, Order, which (i) conditionally discontinued the action in light of a potential settlement and (ii) instructed the parties to either file a stipulation of settlement or submit a letter application to restore the action to the active calendar within 30 days. (Doc. 24).

      As the Court may recall, I wrote on February 28, 2020, to advise Your Honor that the parties had reached a settlement in principle to resolve this action (the "Settlement"). Another MGT shareholder filed a similar action with the same defendants in the United States District Court for the District of Delaware, captioned *Aviles v. Ladd et al.*, No. 1:19-cv-1700 (D. Del.), and the plaintiff in that action is also a party to the settlement.

      In addition to these two federal court actions, two other MGT shareholders filed similar cases in the New York Supreme Court—*Ojha v. Ladd et al.,* No. 65647/2016 (N.Y. Sup. Ct., Westchester Cnty.), and *Thomas v. MGT Capital Investments, Inc. et al.*, No. 70301/2018 (N.Y. Sup. Ct., Westchester Cnty.). The plaintiffs in the *Ojha* and *Thomas* actions have separately reached an agreement to settle their respective cases. One difference between the federal actions and the *Ojha* and *Thomas* actions is that the latter two named as defendants certain parties not named in either federal action.

      Since the Court's March 3, 2020, Order, the parties, including plaintiff's counsel from the *Aviles* action, have held numerous discussions regarding the final resolution of these various matters. The parties have also discussed the matter with plaintiffs' counsel in the *Ojha* and *Thomas* actions. Because the settlement of the *Ojha* and *Thomas* actions is different in certain respects than the settlement of the two federal actions, the parties had contemplated that review of the separate settlements would be staggered, with the New York state court settlement approval process preceding approval of the two federal court settlements. However, in light of the developing

COVID-19 pandemic, activities within the New York state court system have been extremely circumscribed. Specifically, Administrative Order 78 (http://nycourts.gov/whatsnew/pdf/AO-78-2020.pdf) prohibits any party from filing any non-essential matters, which prohibition extends to the filing of any settlement papers in the *Ojha* and *Thomas* actions.

Accordingly, because the current health crisis has restricted the parties' ability to consummate the federal and state settlements, the parties jointly request that the Court restore the case to the active calendar and set a date for the submission of a stipulation of settlement or a further status report from the parties on on or before June 5, 2020.

If the Court has any questions or concerns, we will make ourselves available at Your Honor's convenience.

Respectfully submitted,

**GAINEY McKENNA & EGLESTON**

*Thomas J. McKenna*
Thomas J. McKenna

TJM/rr

cc: Sean Coffey, Esq., Karen S. Kennedy, Esq.
 (Counsel for Defendants via ECF)