UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYLER TOMCZAK, Derivatively on Behalf of MGT CAPITAL INVESTMENTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT B. LADD, ROBERT HOLMES and MICHAEL ONGHAI,<br><br>Defendants,<br><br>and<br><br>MGT CAPITAL INVESTMENTS, INC.,<br><br>Nominal Defendant. | No. 19-8046<br><br><br>Hon. Victor Marrero |
| ARTHUR AVILES, Derivatively on Behalf of MGT CAPITAL INVESTMENTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT B. LADD, ROBERT HOLMES and MICHAEL ONGHAI,<br><br>Defendants,<br><br>and<br><br>MGT CAPITAL INVESTMENTS, INC., a Delaware corporation<br><br>Nominal Defendant. | No. 19-1700 |

## PRELIMINARY APPROVAL AND SCHEDULING ORDER

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Derivative Action") have made application, pursuant to Federal Rule of Civil Procedure 23.1,

for an order (i) preliminarily approving the proposed settlement ("Settlement") of the Derivative Action, in accordance with a Stipulation and Agreement of Settlement, dated May 7, 2020, and the Exhibits thereto (the "Stipulation"), (ii) approving the form and content of the Notice to Current MGT Stockholders of Pendency and Proposed Settlement of Shareholder Derivative Action (the "Notice"), substantially in the form of Exhibits B and C to the Stipulation, and (iii) setting a date for the final Settlement hearing;

WHEREAS, the Stipulation sets forth the terms and conditions of the Settlement;

WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and the Settling Parties' submissions in support of the motion for preliminary approval of the Settlement;

NOW THEREFORE, IT IS ORDERED:

1. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the terms of the Settlement set forth therein.

2. The final Settlement Hearing shall be held before the United States District Court for the Southern District of New York, on  August 7 , 2020 at  1:45  p.m. before this Court in Courtroom 15B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to: (1) determine whether the terms of the Settlement should be approved as fair, reasonable, and adequate; (2) consider any objections to the Settlement submitted

in accordance with the Notice; (3) determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit E to the Stipulation, should be entered, dismissing the Derivative Action with prejudice and releasing the Released Claims against the Released Parties; (4) determine whether the requested Fee and Expense Award for Plaintiffs' Counsel and the Service Awards to Plaintiffs, which will be funded from the Fee and Expense Award, should be approved; and (5) consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. This Court approves, as to form and content, the Notice, annexed as Exhibit C to the Stipulation, and finds that the filing of the Stipulation and publication of the Notice substantially in the manner and form set forth in ¶3.4 of the Stipulation, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the Settlement.

4. Within ten (10) business days of the Court's entry of this Preliminary Approval and Scheduling Order, MGT shall: (1) file a copy of the Notice (a copy of which is attached as Exhibit C to the Stipulation) with the SEC via a Form 8-K; and (2) post a link to the Stipulation and the Notice on the investor relations portion of MGT's website.

5. All costs incurred in the publication of the Notice shall be paid or caused to be paid by MGT or its insurer.

6. At least fourteen (14) calendar days prior to the Settlement Hearing, MGT's counsel shall file with the Court proof, by affidavit or declaration, that the approved Notice process set forth in Paragraph 4 hereof has been fully undertaken.

7. All Current MGT Stockholders shall be bound by all orders, determinations,

and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current MGT Stockholders.

8.  Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, nor any Current MGT Stockholders or other Persons, derivatively on behalf of MGT, shall commence or prosecute against any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

9.  All papers in support of the Settlement shall be filed with the Court and served at least 35 calendar days prior to the Settlement Hearing.

10.  Any Current MGT Stockholder and beneficial owners of common stock of MGT as of the date of entry of this Order, may object and/or appear and show cause if he, she or it has any reason why the terms of the Settlement should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Award should not be finally approved; provided, however, that unless otherwise ordered by the Court, no Current MGT Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, at least twenty-one (21) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court at the address listed below and served the following counsel (delivered by hand or sent by first class mail) a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of MGT common stock through the date of the Settlement Hearing, including the number of shares of MGT common stock owned and date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the Stockholder or his, her, or its attorney has objected to a settlement in the last three

years; and (2) if a Current MGT Stockholder intends to appear and requests to be heard at the Settlement Hearing, such Stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such Stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current MGT Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

**Clerk of the Court:**

Clerk of the Court
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

*Counsel for Plaintiffs*:

Thomas James McKenna
GAINEY & MCKENNA
501 Fifth Avenue, 19th Floor
New York, New York 10017

W. Scott Holleman
BRAGAR EAGEL & SQUIRE, P.C.
885 Third Avenue
New York, NY 10022

*Counsel for MGT:*

John P. Coffey
Karen S. Kennedy
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036

11. Any Current MGT Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

12. All papers in response to any objections to the Settlement shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement Hearing.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be used by any other person in any other actions or proceedings, whether civil, criminal or administrative as evidence or otherwise. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Settling Parties may file the

Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

14. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Actions will revert to their status as of the date immediately preceding the date of the Stipulation.

15. The Court reserves the right to adjourn the date of the Settlement Hearing, to hold it telephonically or by video, or modify any other dates set forth herein without further notice to Current MGT Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current MGT Stockholders.

IT IS SO ORDERED.

DATED: June 1, 2020

Victor Marrero
U.S.D.J.