Case 1:19-cv-08046-VM Document 93 Filed 08/07/20 Page 1 of 4
Case 1:19-cv-08046-VM Document 92-3 Filed 05/29/20 Page 2 of 14

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: August 7, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYLER TOMCZAK, Derivatively on Behalf of MGT CAPITAL INVESTMENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT B. LADD, ROBERT HOLMES and MICHAEL ONGHAI, <br><br> Defendants, <br><br> and <br><br> MGT CAPITAL INVESTMENTS, INC., <br><br> Nominal Defendant. | No. 19-8046 <br><br> Hon. Victor Marrero |
| ARTHUR AVILES, Derivatively on Behalf of MGT CAPITAL INVESTMENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT B. LADD, ROBERT HOLMES and MICHAEL ONGHAI, <br><br> Defendants, <br><br> and <br><br> MGT CAPITAL INVESTMENTS, INC., a Delaware corporation <br><br> Nominal Defendant. | |

**ORDER AND FINAL JUDGMENT**

This matter came before the Court for hearing on ____ August 7, 2020 to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of

- 1 -

ActiveUS 178536940

Settlement dated May 7, 2020, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment ("Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

Unless otherwise stated herein, all capitalized terms contained in this Judgment shall have the same meaning and effect as stated in the Stipulation (which is attached hereto).

This Court has jurisdiction over the subject matter of the New York Action and over the Settling Parties to the New York Action.

This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, MGT Capital Investments, Inc. ("MGT"), and Current MGT Stockholders, and hereby finally approves the Settlement in all respects and directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

This Court hereby dismisses the New York Action with prejudice and without costs to the Settling Parties, except as otherwise provided below.

Upon the Effective Date, Plaintiffs (individually and derivatively on behalf of MGT), MGT, any other Current MGT Stockholders on behalf of MGT, and Plaintiffs' Counsel shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Parties.

Upon the Effective Date hereof, the Settling Parties are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties as set

forth in and in accordance with the terms of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

Upon the Effective Date, each of the Released Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from any and all Defendants' Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

The Court finds that the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice") was given in accordance with the Preliminary Approval and Scheduling Order entered on _____June 1, 2020, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to Current MGT Stockholders, and complied with the requirements of federal law and due process.

The Court hereby approves the Fee and Expense Award and directs payment of the Fee and Expense Award in accordance with the terms of the Stipulation.

The Court hereby approves the Service Awards of $400 for each Plaintiff to be paid from Plaintiffs' Counsel's Fee and Expense Award in recognition of Plaintiffs' participation and efforts in the prosecution of the Actions.

During the course of the litigation of the Actions, all Settling Parties and their counsel acted in good faith and complied with Fed. R. Civ. P. 11 and any similar rule or statue.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of the Defendants; (b) an admission or concession by Plaintiffs or any MGT stockholder of any infirmity in the claims asserted in the Complaints; or (c)

an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Order and Final Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

IT IS SO ORDERED.

DATED: August 7, 2020

_____
Victor Marrero
U.S.D.J.